**No. 26-70009**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

RICKEY DONNELL CUMMINGS,
*Petitioner-Appellant*,
v.
ERIC GUERRERO, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,
*Respondent-Appellee*,

---

On Appeal from the United States District Court
for the Western District of Texas, Waco Division, No. 6:18-CV-125

---

# PETITIONER-APPELLANT'S MOTION FOR CERTIFICATE OF APPEALABILITY

Lee B. Kovarsky
Phillips Black, Inc.
A Non-Profit Law Practice
727 East Dean Keeton Street
Austin, TX 78705
434-466-8257
Email: l.kovarsky@phillipsblack.org

Kerry Levy
Federal Community Defender Office
Capital Habeas Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Email: kerry_levy@fd.org

## MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner-Appellant Rickey Cummings requests a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) because he can make a substantial showing that his constitutional rights were violated and because the district court's resolution of procedural impediments to merits consideration is debatable.[1]

Cummings requests a COA to appeal the district court's order denying: (1) his due process claim, under *Napue v. Illinois*, 360 U.S. 264 (1959), that the prosecution elicited and failed to correct testimony that it knew, or should have known, to be false and misleading; (2) his due process claim, under *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecution suppressed evidence favorable to the defense and material to his guilt and punishment; (3) his Sixth Amendment claim that defense counsel deficiently failed to investigate alternate suspects; (4) his Sixth Amendment claim that defense counsel deficiently failed to challenge the prosecution's peremptory strikes in accordance with *Batson v. Kentucky*, 476 U.S. 79 (1986); (5) his Sixth Amendment claim that defense counsel deficiently failed to investigate and prepare for gang evidence; and (6) his due process claim that the prosecution unconstitutionally abused the grand jury process.

[1] Separately, Cummings appeals the order denying a hearing, as an order denying a hearing may be appealed without certification.

Respectfully submitted,


<u>*/s/ Lee B. Kovarsky*</u>
Lee B. Kovarsky
Phillips Black, Inc.
A Non-Profit Law Practice
727 East Dean Keeton St.
Austin, TX 78705
434-466-8257
Email: l.kovarsky@phillipsblack.org

Kerry Levy
Federal Community Defender Office
Capital Habeas Unit
Suite 545 West, The Curtis Center
601 Walnut St.
Philadelphia, PA 19106
215-928-0520
Email: kerry_levy@fd.org

*Counsel for Rickey Cummings, Petitioner-Appellant*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A), the word limit of Fed. R. App. P. 5(c)(1), and the word limit allowed by the Court because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains fewer than 5,200 words and along with the brief in support contains fewer than 17,000 words.

This document complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5), and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 font in Times New Roman.

*/s/ Lee B. Kovarsky*
Lee B. Kovarsky
Counsel for Petitioner-
Appellant Rickey Cummings
Dated: September 2, 2026

## CERTIFICATE OF SERVICE

On September 2, 2026, undersigned counsel served this document via CM/ECF on all counsel of record.

*<u>/s/ Lee B. Kovarsky</u>*
Lee B. Kovarsky